Bigelow, J.
The contract set out in the plaintiff’s bill, upon which he seeks to charge the defendants, is a contract for the sale and purchase of lands. Not having been signed by the defendants, or by any person by them thereunto authorized, it is clearly within the statute of frauds, Rev. Sts. c. 74, § 1, and not binding upon them. To avoid this conclusion, it is contended on the part of the plaintiff, that the case is taken out of the operation of the statute by the acts of the defendants in taking possession of the land in question, and constructing their railroad over it; that this has been done under and in pursuance of the contract, and that the defendants are made liable upon the ground that the contract has been thus, in part, performed. But there are several answers to this proposition.
In the first place, it does not appear that the defendants took possession of the land under the contract. They had the right, under their acts of incorporation and the, general statutes of the commonwealth, to enter upon the land of the plaintiff and construct their railroad over it, without any contract and even against the consent of the owners. For aught that appears in this case, all the acts of the defendants, relied on as showing part performance of the cpntract, were done under the rights and powers conferred on them by statute, and not in pursuance of the contract. If the acts done are equivocal in their nature, or susceptible of a double interpretation, a court of equity will not interfere on the ground of part performance. 2 Story on Eq. § 760. But if it were true, that the contract had been in part performed, still it would not thereby be taken out of the operation of the statute. The decisions of this court upon the point are decisive of the question. Kidder v. Hunt, 1 Pick. 328; Thompson v. Gould, 20 Pick. 134; Adams v. Townsend, 1 Met. 483. The case of Davenport v. Mason, 15 Mass. 85, cited by the plaintiff’s counsel, so far as it seems to countenance a contrary doctrine, has been distinctly overruled.
*225 Besides, this court has no power to enforce in equity the specific performance of any but written contracts. Rev. Sts. c. 81, § 8. In this case there is no written contract by which the defendants are bound, and therefore there is nothing to give jurisdiction to this court. The ground, on which courts having full chancery powers have interfered to enforce parol contracts concerning the sale of lands which have been partly performed, has been to furnish remedies against fraud, and not because the contracts, as such, were binding on the parties 2 Story on Eq. § 759; Kidder v. Hunt, ubi supra. Such cases are not within the equity power of this court.
An equally decisive objection to the maintenance of this bill is, that the plaintiff has a complete and adequate remedy at law. If he has fulfilled the agreement on his part, all he can ask under it of the defendants is, that they should pay the agreed price for the land. That was all, in any view of the case, which on their part they undertook to do. This can be recovered in an action at law, so that, if the defendants are bound by the contract, the plaintiff has a perfect remedy at law; if they are not bound by the contract, he has no remedy; and qudcunque vid, this bill cannot be maintained.

Bill dismissed.